UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

[redacted] 06 174 T

GRAND BANKS YACHTS LTD, )
GRAND BANKS YACHTS PTE )
LTD and GRAND BANKS ) C.A. No. 06-
YACHTS SDN BHD, )
Plaintiffs )
)
v. )
)
EDWARD A. ROBERTS, )
Defendant )

**COMPLAINT**

Plaintiffs Grand Banks Yachts Ltd, Grand Banks Pte Ltd and Grand Banks Yachts Sdn Bhd hereby complain of the defendant and say:

THE PARTIES

1. Plaintiff Grand Banks Yachts Ltd is incorporated under the laws of the state of Washington and maintains its principal place of business in Seattle, Washington.

2. Plaintiff Grand Banks Yachts Sdn Bhd is incorporated under the laws of Malaysia and maintains its principal place of business in Pasir Gudang, Malaysia.

3. Plaintiff Grand Banks Yachts Pte Ltd is incorporated under the laws of Singapore and maintains its principal place of business in Loyang Crescent, Singapore.

4. Defendant Edward A. Roberts is a resident of the City of Newport, Rhode Island.

JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

VENUE

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because (1) the defendant resides in this judicial district and (2) a substantial part of the events giving rise to the plaintiffs' claims, on information and belief, occurred in this judicial district.

COUNT I: BREACH OF CONTRACT

7. Defendant was employed by Grand Banks Yachts Pte Ltd, Grand Banks Yachts Sdn Bhd and Grand Banks Yachts Ltd (collectively, "Grand Banks") as Vice President of Sales and Marketing and/or Vice President of Sales from in or about 1988 until January 27, 2003.

8. In the course of his employment with Grand Banks, the defendant had access to Grand Banks' confidential business information.

9. The defendant's employment with Grand Banks was terminated on January 27, 2003.

10. Upon the termination of the defendant's employment, Grand Banks and the defendant entered into a contract (the "Agreement") pursuant to which Grand Banks agreed to make a severance payment of $48,230.00, less all lawful withholdings, to the defendant, and the defendant agreed, among other things, not to disclose Grand Banks' "Confidential Information" to any third party. The defendant further agreed not to use Grand Banks' "Confidential Information" for his own benefit or for the benefit of any third party.

11. The Agreement defines "Confidential Information" to include "information concerning Grand Banks' products, services, customers, dealers, prospective dealers, inventions, manufacturing processes and techniques, pricing, distribution, customer and prospect lists,

product development and enhancement, Grand Banks' benefits and policies, and information concerning the administrative, marketing, and financial activities of Grand Banks."

12. The Agreement provides that if it is breached by the defendant, he will be required to repay to Grand Banks the severance payment.

13. The Agreement further provides that if it is breached by the defendant, he will be "liable for all costs, including reasonable attorneys fees, incurred by Grand Banks in seeking repayment" of the severance payment.

14. Defendant subsequently provided four affidavits to attorneys for a third party in a dispute with Grand Banks.

15. Defendant's affidavits were filed publicly in court proceedings and/or in private arbitration proceedings.

16. In his affidavits, the defendant disclosed confidential business information of Grand Banks.

17. In his affidavits, the defendant disclosed information that is within the definition of "Confidential Information" contained in the Agreement.

18. In his affidavits, the defendant asserted information about Grand Banks that was materially false.

19. The defendant violated the Agreement when he disclosed the "Confidential Information" of Grand Banks in his affidavits.

20. Grand Banks has suffered damages as a result of the defendant's breach of the Agreement.

COUNT II: UNJUST ENRICHMENT

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20.

22. Grand Banks provided a benefit to the defendant, namely a payment in the amount of forty-eight thousand two hundred thirty dollars ($48,230.00) in exchange for the agreement by the defendant to, among other things, not disclose Grand Banks' "Confidential Information" to any third party.

23. The defendant disclosed Grand Banks' "Confidential Information," in violation of his agreement with Grand Banks.

24. Grand Banks suffered damages due to the defendant's disclosure of Grand Banks' "Confidential Information."

25. Under these circumstances, it would be inequitable for the defendant to retain the benefit bestowed upon him by Grand Banks.

WHEREFORE, plaintiffs Grand Banks Yachts Ltd, Grand Banks Yachts Pte Ltd and Grand Banks Yachts Sdn Bhd respectfully request the following relief:

A. Judgment in their favor with respect to all counts;

B. A permanent injunction restraining and enjoining the defendant from disclosing any of Grand Banks' confidential information and/or interfering with Grand Banks' business expectations or relations;

C. An award of liquidated damages in the amount of the severance payment to the defendant;

D. An award of consequential damages in the amount suffered by Grand Banks due to the defendant's wrongful conduct.

E. An award of all of Grand Banks' costs and attorneys' fees, pursuant to the terms of the Agreement; and

F. Such other and further relief as the Court deems just and proper.

Timothy M. Bliss

Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: April 18, 2006