**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND BANKS YACHTS LTD.,
GRAND BANKS YACHTS PTE LTD. and
GRAND BANKS YACHTS SDN BHD,
*Plaintiffs,*

CASE NO.: CA 06-174T

VS.

EDWARD A. ROBERTS,
*Defendant.*

**DEFENDANT'S, EDWARD A. ROBERTS, MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**NOW COMES,** the Defendant, Edward A. Roberts, (hereinafter the "Defendant"), and hereby move that this Honorable Court dismiss the Plaintiffs' complaint as this Court lacks subject matter jurisdiction.

The Plaintiffs set forth 28 U.S.C. §1332 as the basis for this Court's jurisdiction. The amount in controversy set forth in the Plaintiff's complaint fails to satisfy the minimum statutory requirement for federal diversity jurisdiction. For this reason and as further enumerated in Defendant's Memorandum of Law in support of its Motion to Dismiss, this Court should dismiss Plaintiffs' complaint.

***[Remainder of Page Intentionally Blank]***

Respectfully submitted,

**EDWARD A. ROBERTS**

By and through his attorneys,

Michael A. Kelly, Esquire (#2116)
Keith E. Fayan, Esquire (#7065)
Law Offices of Michael A. Kelly
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

Dated: 10 July, 2006

## CERTIFICATION

I hereby certify that I caused a true and accurate copy of the within motion to be mailed, postage prepaid, to Brooks R. Magratten, Esquire, and Timothy M. Bliss, Esquire, Vetter & White, 20 Washington Place, Providence, RI 02903 on this 10th day of July, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GRAND BANKS YACHTS LTD., GRAND BANKS YACHTS PTE LTD. and GRAND BANKS YACHTS SDN BHD, *Plaintiffs,* | CASE NO.: CA 06-174T |
| VS. | |
| EDWARD A. ROBERTS, *Defendant.* | |

**DEFENDANT'S, EDWARD A. ROBERTS, MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**NOW COMES**, the Defendant, Edward A. Roberts, (hereinafter the "Defendant"), and hereby move that this Honorable Court dismiss the Plaintiffs' complaint as this Court lacks subject matter jurisdiction. The Plaintiffs have filed a complaint against the Defendant for breach of contract and unjust enrichment alleging that subject matter jurisdiction was satisfied pursuant to 28 U.S.C. § 1332. The Plaintiffs, however, have failed to establish that the amount in controversy is sufficient to vest this Court with the federal diversity jurisdiction necessary to hear the merits of the case. Consequently, the Defendant requests that this Honorable Court dismiss the Plaintiffs' complaint.

**Factual Allegations**

The Defendant was employed by the Plaintiffs from approximately 1988 until he was terminated in January, 2003. (Compl. ¶ 7, ¶ 9.) Upon his termination, the

Defendant executed a severance agreement (the "Agreement") presented by the Plaintiffs pursuant to which the Plaintiffs agreed to make a severance payment of $48,230.00 and the Defendant agreed, among other things, to refrain from disclosing "Confidential Information." (Compl. ¶ 10.) A copy of the Agreement is attached hereto as Exhibit A. Paragraph 13 of the Agreement contained a liquidated damages clause pursuant to which the Defendant is required only to repay the Plaintiffs the severance payment of $48,230.00 and costs and attorney fees incurred by the Plaintiffs in seeking repayment of the severance payment. (Compl. ¶ 12, ¶ 13; Agreement ¶ 13.) The Agreement also contained a choice of law clause stating that the Agreement "shall be construed and enforced in accordance with the laws of the State of Connecticut …" (Agreement ¶ 14.) The Plaintiffs allege that the Defendant subsequently violated a term of the Agreement by disclosing allegedly "Confidential Information" in affidavits provided to third-parties who were in a dispute with the Plaintiffs. (Compl. ¶ 14, ¶ 19.) The Plaintiffs' complaint requested liquidated damages in the amount of the severance agreement, consequential damages and injunctive relief.

## Standard of Review

Federal diversity jurisdiction is established by Title 28 U.S.C. § 1332 which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." The intent of Congress to drastically restrict the jurisdiction of federal courts in controversies between citizens of different states has always been rigorously enforced by the courts. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

As this Court noted, "[L]ong ago, the United States Supreme Court enunciated a standard for determining whether or not an action meets the monetary minimum required for federal jurisdiction." *D'Amato v. Rhode Island Hosp. Trust Nat. Bank*, 772 F.Supp. 1322 (D.R.I. 1991). The Supreme Court stated in *St. Paul Mercury Indem. Co. v. Red Cab Co.* that the rule governing dismissal for want of jurisdiction in cases brought in federal courts is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288-89. To justify dismissal, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *Id.* If it is apparent from the face of the pleadings, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover the amount claimed, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. *Id.; see also Jimenz Puig v. Avis Rent-A-Car System*, 574 F.2d 37 (1st Cir. 1978).

Typically, the jurisdictional amount requirement is satisfied by the plaintiff's good faith allegation. *See D'Amato,* 772 F.Supp. at 1334. The determination of the amount in controversy is fairly uncomplicated when the plaintiff seeks liquidated damages, as the amount in controversy is the total of the liquidated damages claimed. *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973). However, "[w]hen defendant challenges that amount, plaintiff has the burden of demonstrating the amount." *Moore v. Betit,* 511 F.2d 1004, 1007 (2d Cir.1975). The plaintiff must then establish its allegations with competent proof to overcome this burden. *See D'Amato,* 772 F.Supp. at 1334. "No presumption of truthfulness attaches to the allegations." *Media*

*Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991). The court may demand that the plaintiff justify his jurisdictional allegations by a preponderance of the evidence. *Zunamon v. Brown*, 418 F.2d 883, 885-86 (8th Cir.1969) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In applying the legal certainty test, most courts have found a legal certainty that more than the jurisdictional amount could not be recovered where the applicable state law barred the type of damages claimed by the plaintiff. *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973)(citing *Vance v. Vandercook Co.*, 170 U.S. 468 (1898)). It is well-settled law in the State of Connecticut that a valid and enforceable liquidated damages clause operates as a bar to the recovery of all actual or consequential damages for breach of the contact. *See Camp v. Cohn*, 201 A.2d 187, 189 (Conn. 1964); *see also The Hanson Development Company v. East Great Plains Shopping Center, Inc.*, 485 A.2d 1296, 1299-1300 (Conn. 1985); *Saturn Construction Company, Inc. v. State of Connecticut Department of Public Works, et al.* 1994 WL 590604. Under Connecticut law, a liquidated damages clause is enforceable if (i) the damage which was expected as a result of breach of contract was uncertain in amount or difficult to prove; (ii) there was an intent on the part of the parties to liquidate damages in advance; and (iii) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract. *Norwalk Door Closer Co., Inc. v. The Eagle Lock and Screw Company*, 220 A.2d 263, 267 (Conn. 1966).

## Argument

*A.* ***The Plaintiffs' complaint fails to establish the required amount in controversy required for federal diversity jurisdiction.***

Plaintiffs' complaint alleges that that Defendant breached the Agreement, and therefore is liable to the Plaintiff under the theories of breach of contract and unjust enrichment. The Plaintiffs' complaint requests damages in the amount paid under the Agreement - *to wit* - $48,230. As Plaintiffs' complaint claims liquidated damages, the amount in controversy is the amount of the liquated damages. *See Wood*, 473 F.2d 272. It is well-established that for purposes of determining whether the jurisdictional amount has been met the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288-89.

Here, the Plaintiffs' complaint, by its own allegations and request for relief, only demands liquidated damages in the amount of $48,230 and attorney fees incurred in seeking repayment of the severance payment. As the sum claimed by the plaintiff controls, the Plaintiffs' have failed to meet the statutory threshold of $75,000 in controversy, exclusive of interest and costs, required to establish federal diversity jurisdiction.

*1.* ***The amount of attorney fees claimed by the Plaintiffs are insufficient to reach the amount in controversy threshold required for federal diversity jurisdiction.***

The Agreement provides for the recovery by the Plaintiffs of attorney fees incurred in seeking repayment of the severance payment. (Agreement ¶ 13.) As this Court is well aware, diversity jurisdiction requires an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts have

observed that this provision must be narrowly construed so as not to frustrate the congressional purpose behind it; namely, to keep the diversity caseload of the federal courts under some degree of control. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039 (3rd Cir. 1993).

Typically, attorney's fees are excluded from the amount-in-controversy determination. *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001). The are exceptions to this rule when the fees are provided for by contract. *Id.* The Plaintiffs', however, fail to allege any facts establishing that the attorney's fees sought in this action are high enough to boost its claim for relief over the amount-in-controversy minimum of $75,000. In fact, even at premium market rates, the Plaintiffs would have to incur *in excess of 90 hours in legal fees ($27,000) in order to meet the jurisdictional threshold.* Simply put, the Plaintiffs' are apparently alleging that more than one-third of the amount in controversy results from attorney fees which have yet to be incurred.

***2. Pursuant to Connecticut law, an unrestricted liquidated damages clause bars recovery of consequential damages for breach of contract.***

The Plaintiffs are not entitled to recover consequential damages under the Agreement for the Defendants alleged breach because the Agreement contains an unrestricted liquidated damages clause. The liquidated damages clause states, in pertinent part, "[I]n the event of your breach … of this Agreement: … b) you will be required to repay all compensation you received under … this Agreement; and c) you will be liable for all costs, including reasonable attorneys fees, incurred by Grand Banks in seeking repayment." (Agreement ¶ 13.)

Connecticut law is clear that where an agreement is construed as one for liquated damages, "[t]he stipulated sum could be recovered, but no other sum could be recovered

. . . ." *See Camp,* 201 A.2d at 189; *Hanson Development Company,* 485 A.2d at 1299-1300. The liquidated damages clause contained in the Agreement is unrestricted in scope and therefore precludes recovery for any other damages. (Agreement ¶ 13.) Parties to a contract may restrict the scope of a liquidated damages clause by clearly expressing that intention. *Bridgeport v. United States Fidelity & Guaranty Co.* 105 Conn. 11, 29 (1926). No such intent to restrict the scope of the liquidated damages clause is present in the Agreement.

The liquated damages clause in the Agreement is valid and enforceable because the damage which was expected as a result of breach of contract was uncertain in amount or difficult to prove, there was an intent on the part of the parties to liquidate damages in advance as evidenced by the inclusion of the clause by the Plaintiffs, and the amount stipulated – all severance payments made by the Plaintiffs to the Defendant - was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract. *Norwalk Door Closer Co., Inc.,* 220 A.2d at 267. The Plaintiffs are sophisticated multinational corporations and presented the Agreement to the Defendant upon terminating him. (Compl. ¶ 1-3.) Moreover, as the drafters of the Agreement, the Plaintiffs were clearly in the best position to determine the need for including a liquidated damages clause. The Plaintiffs determined that the damages would be difficult to prove or uncertain in amount and clearly demonstrated their intent to have the damages liquated in advance, namely the amount of severance paid to the Defendant. Finally, there exists no language in the liquidated damages clause or the Agreement which demonstrates any intent whatsoever

to limit or restrict the scope of the clause. Accordingly, as a matter of law, the Plaintiffs are not entitled to recover any actual, consequential or other damages for the alleged breach by the Defendant.

**Conclusion**

The Plaintiffs have failed to meet the amount in controversy threshold required to obtain federal diversity jurisdiction. The Plaintiffs' complaint establishes to a legal certainty that their complaint is actually for less than the jurisdictional requirement. Accordingly, this Honorable Court should dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction.

Respectfully submitted,

**EDWARD A. ROBERTS**

By and through his attorneys,

Michael A. Kelly, Esquire (#2116)
Keith E. Fayan, Esquire (#7065)
Law Offices of Michael A. Kelly
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

Dated: 10 July, 2006

**CERTIFICATION**

I hereby certify that I caused a true and accurate copy of the within motion to be mailed, postage prepaid, to Brooks R. Magratten, Esquire, and Timothy M. Bliss, Esquire, Vetter & White, 20 Washington Place, Providence, RI 02903 on this 10th day of July, 2006.

Judith A. Latimer