UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND BANKS YACHTS LTD, GRAND BANKS YACHTS PTE LTD and GRAND BANKS YACHTS SDN BHD, Plaintiffs | ) | C.A. No. 06-174T |
| v. | ) | |
| EDWARD A. ROBERTS, Defendant | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Grand Banks Yachts, Ltd., Grand Banks Yachts Pte Ltd and Grand Banks Yachts Sdn Bhd (collectively, "Grand Banks") object to the defendant's motion to dismiss for lack of subject matter jurisdiction.

Grand Banks files herewith a supporting memorandum of law.

Timothy M. Bliss

Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 24 , 2006

CERTIFICATE OF SERVICE

To:

Michael A. Kelly, Esq.
Keith E. Fayan, Esq.
Law Offices of Michael A. Kelly
55 Pine Street - Suite 5000
Providence RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Objection by mailing first class mail, postage prepaid, on the 24th day of July, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND BANKS YACHTS LTD, GRAND BANKS YACHTS PTE LTD and GRAND BANKS YACHTS SDN BHD, Plaintiffs | ) | C.A. No. 06-174T |
| v. | ) | |
| EDWARD A. ROBERTS, Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Grand Banks Yachts, Ltd., Grand Banks Yachts Pte Ltd and Grand Banks Yachts Sdn Bhd (collectively, "Grand Banks") object to the plaintiff's motion to dismiss Grand Banks' complaint for lack of subject matter jurisdiction. Plaintiff argues Grand Banks "failed to establish that the amount in controversy is sufficient to vest this Court with the federal diversity jurisdiction necessary to hear the merits of the case." Grand Banks' complaint, however, claims damages exceeding the $75,000 threshold for diversity jurisdiction. See 28 U.S.C. § 1332. Therefore, plaintiff's motion to dismiss should be denied.

## II. BACKGROUND

Grand Banks employed defendant as Vice President of Sales and Marketing and/or Vice President of Sales from in or about 1988 until January 27, 2003. In those positions, the defendant had access to Grand Banks' confidential business information.

Grand Banks terminated defendant's employment on January 27, 2003. On that date, Grand Banks and the defendant entered into an agreement ("Severance Agreement")

pursuant to which Grand Banks provided the defendant with a severance payment of $48,230, as well as outplacement services. The Severance Agreement contained covenants by the defendant, including an agreement to not disclose Grand Banks' "Confidential Information"[1] to any third party. The defendant also agreed not to use Grand Banks' "Confidential Information" for his own benefit or for the benefit of any third party. The Severance Agreement provided that, in the event of a breach by the defendant, he would be required to repay the severance payment and that he would be "liable for all costs, including reasonable attorneys fees, incurred by Grand Banks in seeking repayment."

The defendant subsequently breached the Severance Agreement when he provided affidavits to a third party that contained confidential information regarding Grand Banks ("Roberts Affidavits"). The Roberts Affidavits were then filed publicly in court proceedings and also in private arbitration proceedings between Grand Banks and the third party. As a result, Grand Banks was forced to incur additional attorneys' fees and other costs in judicial and arbitration proceedings to refute the allegations contained in the Roberts Affidavits. Notwithstanding the defendant's violation of the Severance Agreement, however, he has retained the severance benefits bestowed upon him by Grand Banks.

## III. ARGUMENT

### The Amount In Controversy In This Case Exceeds $75,000.

Defendant does not dispute the diversity of citizenship of the parties. Rather, the defendant's sole argument is that the $75,000 amount-in-controversy threshold is not met. The claims in Grand Banks' complaint, however, exceed $75,000.

[1] The Agreement defines "Confidential Information" to include, "information concerning Grand Banks' products, services, customers, dealers, prospective dealers, inventions, manufacturing processes and techniques, pricing, distribution, customer and prospect lists, product development and enhancement, Grand Banks' benefits and policies, and information concerning the administrative, marketing, and financial activities of Grand Banks."

In making an amount-in-controversy determination, damages claimed in the complaint control. Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). Grand Banks' complaint alleges damages that include: (1) liquidated damages in the amount of $48,230; (2) attorneys' fees and costs, as provided for in the Severance Agreement; (3) consequential damages suffered as a result of the defendant's violation of the Severance Agreement; (4) a permanent injunction restraining and enjoining the defendant from further breaches of the Severance Agreement; and (5) such other relief that the Court deems proper. See Complaint at 4-5.

Regarding its claim for attorneys' fees, Grand Banks has already incurred approximately $6,000 in attorneys' fees to date. Grand Banks will ultimately incur tens of thousands of dollars in additional fees to prosecute this case through trial. The total will undoubtedly exceed $26,771. When added to Grand Banks' liquidated damages claim, plaintiffs' total claimed damages easily exceed $75,000.

Other Courts have held that the amount-in-controversy requirement for federal diversity jurisdiction is met based on a similar potential for substantial attorneys' fees, which would be recoverable by the plaintiff. See, e.g., Gerig v. Krause Publications, Inc., 58 F. Supp. 2d 1261, 1266 (D.Kan. 1999) (where amount in controversy was approximately $52,504.20-$63,404.50, plus attorneys' fees, it was not clear to a legal certainty that plaintiff's recovery would be less than $75,000); Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1217 (10th Cir. 2003) (although member sought damages of only $12,625, her claims included attorneys' fees, injunctive relief and punitive damages, and member sought "other and further relief" as well, therefore it was not a legal certainty that the $75,000 threshold was not met); Meira v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that $50,000 amount-in-controversy requirement was satisfied where plaintiff asserted damage claim of $41,028.51

plus $6,854 in attorneys' fees to date; court could not say it would be unreasonable to expect $2,117.50 in future fees). This Court has also found that attorneys' fees may properly be included in the amount-in-controversy. See Laprova v. Unum Life Insurance Company of America (C.A. No. 98-0560/T) (Torres, J. order denying the plaintiff's motion to remand, entered on 02/03/1999) (required amount in controversy of $75,000 was met when the plaintiff's complaint sought $15,852.00 in insurance benefits, plus punitive damages and attorneys' fees).

Where a defendant challenges the presumption that the plaintiff's claims exceed the amount-in-controversy threshold, the plaintiff is required to demonstrate only "that it is not a legal certainty that the claim involves less than the jurisdictional amount." Dept. of Rec. and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991). "All the plaintiff must do to carry this burden in the face of a motion to dismiss is to set forth facts which, if true, would prevent the trier from concluding *to a legal certainty* that the potential recovery is capped at a figure below the jurisdictional minimum." Barrett v. Lombardi, 239 F.3d 23, 30-31 (1st Cir. 2001) (emphasis in original); see also St. Paul Mercury Indem. Co. v. Red Cab, 303 U.S. 283, 288-289. To meet its burden, the plaintiff is not required to prove to a legal certainty that its claims exceed the jurisdictional threshold, but rather only needs to establish that there is a reasonable probability that the amount is met. Moore v. Betit, 511 F.2d 1004, 1006 (2nd Cir. 1975). "[I]t is difficult for a dismissal [under the legal certainty standard] to be premised on the basis that the requisite jurisdictional amount is not satisfied." Woodmen of World Life Ins. Soc'y, 342 F.3d at 1216 (quoting 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3d § 3702, at 97-98 (1998)). Defendant has not, and cannot, make such a showing in this case.

Although Grand Banks submits that the amount of the liquidated damages and attorneys' fees that are expressly provided for in the Severance Agreement exceed the $75,000

threshold, Grand Banks has also prayed for consequential damages and injunctive relief. The defendant has argued that consequential damages are not available to Grand Banks under Connecticut law and, therefore, should not be considered as part of the amount-in-controversy. The rule barring consequential damages cited by the defendant, however, only applies if the parties intended the contract to be the exclusive remedy. City of Bridgeport v. United States Fidelity & Guaranty Co., 134 A. 252, 258 (Conn. 1926) (holding that the city did not limit itself to the per diem remedy of the contract, leaving it remediless for all other forms of damage suffered by it). There is no evidence in this case that the parties so intended to limit their remedies to the contract. Therefore, the City of Bridgeport case does not preclude Grand Banks' recovery of consequential damages in this case.

Moreover, even if the defendant raises a valid defense to Grand Banks' claim for consequential damages, "the inability of plaintiff to recover an amount adequate . . . does not [] oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim." St. Paul Mercury Indem. Co., 303 U.S. at 289. See also Coventry Sewage Ass'n, 71 F.3d at 5. Therefore, the consequential damages sustained by Grand Banks due to the defendant's breach of the Severance Agreement are properly included within the amount-in-controversy for purposes of satisfying the jurisdictional threshold.

Finally, the value of the injunctive relief sought by Grand Banks also must be included within the amount-in-controversy. In cases where a plaintiff seeks permanent injunctive relief, the "amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-348 (1977).

Plaintiffs in Hunt sought to enjoin the State of Washington from prohibiting the display of Washington State apple grades on closed containers. Hunt, 432 U.S at 335. Because

the object of the right was "for the individual Washington Apple growers and dealers to conduct their business affairs in the North Carolina market free from the interference of the challenged statute," the Court calculated "the value of that right . . . by the losses that will follow from the statute's enforcement." Id. at 347. The Court considered the losses the growers and dealers suffered and would continue to suffer, including lost accounts, lost sales, lost profits, the substantial costs of complying with the statute, costs to change the packaging, alter marketing practices, and inspection costs.

The Hunt Court placed special emphasis on the interference with the business affairs of the plaintiffs and the deprivation of "their rights to utilize most effectively the Washington State grades which the record demonstrates were of long standing and had gained wide acceptance in the trade. The competitive advantages thus lost could not be regained without incurring additional costs in the form of advertising, etc." Id. Therefore, the Court held, the amount-in-controversy threshold for federal jurisdiction was met.[2]

In this case Grand Banks seeks to enjoin the defendant from further disclosures of its confidential information and any other breaches of the Severance Agreement. Any such future breach could result in irreparable damage to Grand Banks' business reputation and goodwill. In addition, disclosures of confidential information would interfere with Grand Banks' ability to conduct business, result in a loss of trade secrets, and may increase its exposure to further litigation. Accordingly, the "value" of the injunctive relief sought by Grand Banks against the defendant is substantial. When added to the liquidated damages, attorneys' fees and consequential damages that Grand Banks also seeks in this case, Grand Banks' claims clearly exceed the amount-in-controversy threshold required to establish federal jurisdiction in this case.

[2] The issue in Hunt was whether the plaintiff's claims exceeded the $10,000 threshold for federal question jurisdiction, which was contained in 28 U.S.C. § 1331, prior to its amendment in 1980.

## IV. CONCLUSION

For all the foregoing reasons, the defendant's motion to dismiss should be denied.

Timothy M. Bliss

Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 24 , 2006

CERTIFICATE OF SERVICE

To:

Michael A. Kelly, Esq.
Keith E. Fayan, Esq.
Law Offices of Michael A. Kelly
55 Pine Street - Suite 5000
Providence RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within memorandum of law by mailing first class mail, postage prepaid, on the 24th day of July, 2006.

Lisa A. Lariviere