**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND BANKS YACHTS LTD.,
GRAND BANKS YACHTS PTE LTD. and
GRAND BANKS YACHTS SDN BHD,
*Plaintiffs,*

VS.

EDWARD A. ROBERTS,
*Defendant.*

CASE NO.: CA 06-174T

**DEFENDANT'S, EDWARD A. ROBERTS, REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**NOW COMES**, the Defendant, Edward A. Roberts, (hereinafter the "Defendant"), and hereby submits his reply to the Plaintiffs' objection pursuant to Local Rule 7(b)(2).

The Plaintiffs' objection first cites *Gerig v. Krause Publications, Inc.*, 58 F. Supp. 2d 1261 (D.Kan. 1999) for the proposition that the amount in controversy requirement can be satisfied by the potential recovery of attorney fees. The *Gerig* court also identified three situations that can clearly defeat a federal court's subject matter jurisdiction: i) when the terms of a contract limit the plaintiff's possible recovery; ii) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff; and iii) when independent facts show that the amount of damages was claimed by the plaintiff merely to obtain federal court jurisdiction. *Id.* at 1264. In the case at bar, two of these situations are present. The terms of the contract limit the plaintiffs' recovery

and a specific rule of Connecticut substantive law limits the amount recoverable by the Plaintiff.

## I. **The terms of the contract limit the amount recoverable by the Plaintiffs.**

The Plaintiffs have filed a complaint against the Defendant for breach of contract. The contract which has been allegedly breached by the Defendant contains a liquidated damages clause. This clause unequivocally provides that in the event of a breach the Defendant is required only to repay the Plaintiffs the severance payment ($48,230.00) and costs and attorney fees incurred in seeking repayment of the severance payment. (Compl. ¶ 12, ¶ 13.)

Plaintiffs' counsel states that the Plaintiff has already incurred approximately $6,000 in attorney's fees to date. What is unclear from the pleading, however, is whether the $6,000 in attorney fees was "incurred in seeking repayment" of the severance payment from the Defendant. No supporting information was given on the exact nature of the fees incurred or a specific description of the work. On information and belief, the only actions taken by the Plaintiffs' counsel in seeking repayment of the severance payment are the drafting of approximately three letters, the preparation of the Complaint, the preparation of the summons, and the drafting of the Objection to the Defendant's Motion to Dismiss. Attorney fees incurred by the Plaintiffs which are unrelated to the recovery of the severance payment are not properly recoverable pursuant to the Severance Agreement and, therefore, may not be properly included in the amount-in-controversy requirement. It is pure speculation on the part of the Plaintiffs that they will

incur an additional $21,000 in legal fees (if in fact they have incurred $6,000 in fees filing a five page complaint for breach of contract) or $27,000 in total legal fees.

Moreover, the Severance Agreement does not provide for the recovery of consequential damages by the Plaintiffs in the event of a breach by the Defendant. The contract itself limits the amount recoverable by the Plaintiffs and therefore provides a basis to defeat this Court's jurisdiction. *Gerig,* 58 F. Supp. 2d at 1264.

## II. **The substantive law of Connecticut limits the amount of money recoverable by the Plaintiffs.**

Connecticut law is clear that where an agreement contains a clause for liquated damages, "[t]he stipulated sum could be recovered, but no other sum could be recovered . . . ." *Camp v. Cohn,* 201 A.2d 187, 189 (Conn. 1964); *Hanson Development Company,* 485 A.2d at 1299-1300. Accordingly, Connecticut law holds that a liquidated damages clause operates as a bar to the recovery of consequential damages for breach of the contact. The Plaintiffs, citing the 1926 case of *City of Bridgeport v. United States Fidelity & Guaranty Co.,* 134 A. 252 (Conn. 1926), maintain that they did not intend to limit the remedies available to them to those remedies specified in the contract. Their argument is that the well-established Connecticut law that a liquidated damages clause bars recovery of consequential damages does not apply to them because they did not intend to limit the remedies available to those specified in the contract.

In the instant case, the Plaintiffs drafted the contract ("Severance Agreement"), which begins "[T]his letter sets forth the entire agreement . . . and supersedes all previous offers or agreements, whether verbal or in writing." *See* Severance Agreement at introductory paragraph and paragraph 14, filed under seal. The Plaintiffs are sophisticated multi-national corporations. They drafted the Severance Agreement which

contains explicit language indicating that it contains the "entire agreement" between the parties and also specifically included paragraph 13 to address the rights and obligations of the parties in the event of a breach of the agreement. Consequently, the Plaintiffs argument that they did not intend to limit their remedies to those specified in the Severance Agreement is baseless and dehors the plain language of the contract they drafted.

Furthermore, the Plaintiffs' request for injunctive relief is moot at this time. The Defendant allegedly breached the contract by providing affidavits in litigation which is now concluded. Injunctive relief is not necessary at this time.

**III. <u>Conclusion</u>**

The Plaintiffs have failed to meet the amount in controversy threshold required to obtain federal diversity jurisdiction. As a matter of law, the Plaintiffs are not entitled to recover any actual, consequential or other damages for the alleged breach by the Defendant. The Plaintiffs' complaint establishes to a legal certainty that their complaint is actually for less than the jurisdictional requirement. Accordingly, this Honorable Court should dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction.

Respectfully submitted,

**EDWARD A. ROBERTS**

By and through his attorneys,

Michael A. Kelly, Esquire (#2116)
Keith E. Fayan, Esquire (#7065)
Law Offices of Michael A. Kelly
55 Pine Street, Suite 5000

Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

Dated: 3 August, 2006

**CERTIFICATION**

I hereby certify that I caused a true and accurate copy of the within Reply to be mailed, postage prepaid, to Brooks R. Magratten, Esquire, and Timothy M. Bliss, Esquire, Vetter & White, 20 Washington Place, Providence, RI 02903 on this 3rd day of August, 2006.

Judith A. [signature]