# EXHIBIT 1

GRAND BANKS®
YACHTS, LTD

36 Pearl Street, Norwalk, CT 06850 USA | Tel: 203.845.0023 | Fax: 203.845.0024 | www.grandbanks.com

January 27, 2003

Mr. Edward Roberts

Dear Ed:

This letter sets forth the entire agreement between you and Grand Banks with regard to your separation from Grand Banks and supersedes all previous offers or agreements, whether verbal or in writing. For purposes of this letter, Grand Banks shall mean Grand Banks Yachts Ltd., its successors and assigns, its parents, affiliates and subsidiaries, including any corporation controlling, controlled by or under common control with Grand Banks.

For good and sufficient consideration, you and Grand Banks agree as follows:

1. **Termination of Employment**. Your effective employment termination date is January 27, 2003 Except as specifically set forth in this Agreement, you shall not, after the Termination Date, be entitled to any salary or other benefits or privileges of employment given or extended by Grand Banks to its employees and you shall not be permitted or required to perform services for or on behalf of Grand Banks.

2. **Payment of Compensation Earned Through Termination Date**. You will be paid your pay and accrued unused vacation, earned through the Termination Date. Unused vacation is 19 days.

3. **Pay Continuation**. After this Agreement becomes effective and enforceable in accordance with paragraph 12 below, and contingent upon your compliance with the terms of this Agreement, you will receive [redacted] $1,855.00 for 26 weeks from your Termination Date.

Pay continuation will be paid on Grand Banks' regular payroll schedule. All applicable deductions shall be withheld from the payments described in paragraphs 2 and 3 of this Agreement.

In the event of your death at a time when you are entitled to pay continuation, Grand Banks' obligation to make such payments shall survive and payments shall be made to your estate.

4. **Benefits**. You will be eligible for continued participation in Grand Banks' medical program as if you were an active employee at senior executive level through and until the termination of pay continuation.

5. **COBRA/HIPAA**. Shortly before or after your eligibility for medical insurance terminates, you will receive a package of information regarding continuation of your medical. Once you have received COBRA notification, you will then have 60 days from the date of the notification to elect continuation of your medical coverage. If you elect to continue your coverage as more specifically described in the COBRA notice, you will then have 45 days to make payment. Payment must be made retroactive to the end of pay continuation. If appropriate payment has been received in a timely fashion, and you otherwise meet eligibility requirements, your coverage will be reinstated retroactive to the end of pay continuation.

If applicable under HIPAA (Health Insurance Portability and Accountability Act), your current health plan will provide you with a Certificate of Group Health Plan Coverage under separate cover. This document will enable your new medical plan to waive/reduce the pre-existing condition limitation, if any, in your new plan.

6. **SEP**. Contributions to the Grand Banks SEP will cease with your last regular paycheck on the Termination Date. No contributions will be made during the pay continuation period. Since your Termination Date is prior to the last business day of the fiscal quarter, you will not be eligible for any quarterly match.

7. **Termination of Other Benefits**. Except as specifically provided in this Agreement, your eligibility to participate in Grand Banks' employee benefit plans including share options and programs ceases effective at midnight at the conclusion of your Termination Date. You will be reimbursed for any reasonable and necessary business related expenses incurred prior to your termination in accordance with the terms of Grand Banks' travel and expense policies.

8. [redacted]

9. **Return of Company Materials**. With the exception of the laptop computer used by you in the conduct of Grand Banks' business, and two (2) airline tickets in your name, all of which shall be yours to keep, you shall immediately return to Grand Banks any and all Grand Banks materials. This includes, without limitation, all Grand

Banks-related documents, both in paper and electronic form, all Grand Banks property, as well as your office and building keys, credit cards, cellular telephones , all records, documents and materials relating in any way to marketing, product development and the product development committee, and all records relating to architectural designs and improvements for and to Grand Banks products. You further agree to execute and deliver at all times hereafter, upon the request of Grand Banks, such instruments of transfer, resignations or other documents and take such other action, all as may be reasonably required by Grand Banks to properly effectuate the actions contemplated by this Agreement.

10. General Release of Claims. For good and valid consideration, you make this release on behalf of yourself and your executors, heirs, administrators, representatives and anyone else claiming by, through or under yourself. In consideration of the benefits which you will receive pursuant to this Agreement, you hereby release, waive and discharge Grand Banks, its past, present and future directors, officers, stockholders, agents and employees, both individually and in their official capacities (hereafter individually or collectively the "releases") from any and all claims, causes of action, rights, charges or grievances which you have had, now have, or may have, or may have in the future, whether or not either known to you now or discovered by you hereafter, under any agreement, statute, law or otherwise, whether in law or in equity (hereafter collectively "claims"), by reason of any matter or cause up to and including the date of this Agreement. This general release of claims includes without limitation all claims relating to your employment at Grand Banks, the termination of your employment by Grand Banks, the compensation and benefits provided to you by Grand Banks, all contract and tort claims, all claims for reinstatement, severance pay, attorney's fees or costs, all claims under Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act ("ERISA"), Connecticut general laws, and all other local, state or federal non-discrimination, civil rights, and equal rights laws to the extent permitted by law; provided, however, that Grand Banks' obligations to you under this Agreement are specifically excluded from this release. You hereby agree and represent that no lawsuit has been brought, filed or initiated by you or any representative in any local, state or federal court and you hereby covenant and agree with the releases that neither you nor any representative will ever assert in any forum any claim as to which this covenant may lawfully be applied.

Grand Banks hereby releases you, your heirs and legal administrators from any and all claims, causes of action, rights or charges which may have arisen out of your employment with Grand Banks, except, however, this release shall not pertain to acts of fraud or dishonesty.

11. <u>Confidentiality</u>.

A. Except as required by law, you agree not to disclose the existence or content of this Agreement to any person, firm or entity, except to your accountant(s), financial planner(s), attorney(s) and members of your immediate family, and to them only if they agree to keep this Agreement confidential.

B. Grand Banks agrees not to disclose the existence of this Agreement to third persons (except in connection with judicial proceedings) or employees of Grand Banks without a need to know, and agrees to request that any employee to whom the existence of this Agreement is disclosed shall not disclose the existence of this Agreement to any other person; provided, however, that Grand Banks shall not be responsible for disclosure by employees.

C. At all times following your termination, you agree to protect Grand Banks' Confidential Information (as hereafter defined) by not disclosing such information to any third party and by not using such information for the benefit of yourself or any third party. Confidential Information includes information concerning Grand Banks' products, services, customers, prospective customers, dealers, prospective dealers, inventions, manufacturing processes and techniques, pricing, distribution, customer and prospect lists, product development and enhancement, Grand Banks' benefits and policies, and information regarding the administrative, marketing and financial activities of Grand Banks. Confidential information does not include information in the public knowledge, or known to a disclosee, through no fault of you.

D. Other than pursuant to judicial proceedings, Grand Banks shall release information ~~concerning your employment~~ only as it relates to title of position and dates of employment; provided, however, that this shall in no way prevent reporting of information to taxing or other governmental authorities, as necessary.

12. <u>No Disparagement</u>. Neither party will disparage the other. Any term of this Agreement to the contrary notwithstanding, if helpful or necessary, Grand Banks will advise its employees of the existence of this provision.

13. <u>Breach</u>. In the event of your breach of paragraphs 9 or 11 of this Agreement: a) all of Grand Banks' obligations under this Agreement will immediately cease; b) you will be required to repay all compensation you received under paragraph 3 of this Agreement; and c) you will be liable for all costs, including reasonable attorneys fees, incurred by Grand Banks in seeking repayment. In the event of a suspected breach, you will be given written notice of such breach with information to substantiate the

claim, and ten (10) business days in which to demonstrate that you have not caused such breach.

14. Miscellaneous. This Agreement shall be construed and enforced in accordance with the laws of the State of Connecticut without regard to its conflict of law provisions. All modifications and changes to this Agreement must be set forth in writing and signed by the parties hereto. If any term or provision of this Agreement shall be invalid or unenforceable, the remainder of the Agreement shall not be affected thereby, and shall be valid and enforced to the fullest extent permitted by law. In the event of any dispute, this Agreement will be interpreted in accordance with its fair meaning, and will not be construed strictly for or against either you or Grand Banks. This Agreement sets forth the entire agreement between the parties as to the subject matter.

By signing this Agreement, you acknowledge that you are not relying on any representations of any representative of Grand Banks concerning the meaning of this Agreement. This Agreement shall be binding upon each of the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their heirs, administrators, representatives, executors, successors and assigns.

You acknowledge that you have been given the opportunity, if you so desired, to consider this Agreement for twenty-one (21) days before executing it. If not signed by you and returned within twenty-one (21) days this Agreement will not be valid or an obligation of Grand Banks. In addition, if you breach any of the conditions of the Agreement within the twenty-one (21) day period, the offer of this Agreement will be withdrawn and the Agreement will not be valid or an obligation of Grand Banks. If you execute this letter before the twenty-one (21) day period expires, you acknowledge that you did so voluntarily and that you had the opportunity to consider the Agreement for the entire twenty-one (21) day period. For a period of seven (7) days following the date you sign this Agreement, you may revoke the Agreement. The Agreement shall not become effective or enforceable until the revocation period has expired. If you revoke your acceptance, we will return the signed copy of this letter to you, indicating that the severance offer and release have been canceled.

THIS DOCUMENT INCLUDES A RELEASE BY YOU OF CERTAIN RIGHTS, AND A COMMITMENT NOT TO SUE GRAND BANKS FOR CERTAIN MATTERS. YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT. YOU AGREE THAT GRAND BANKS ALLOWED YOU SUFFICIENT TIME TO REVIEW THIS AGREEMENT, TO CONSIDER THE RAMIFICATIONS OF SIGNING IT, AND TO CONSULT AN ATTORNEY. YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, THAT YOU

UNDERSTAND ALL OF ITS PROVISIONS, AND THAT YOU ARE ENTERING INTO IT VOLUNTARILY.

Please review this letter, and if you concur, sign and return it to me on or before 21 days from your receipt of this Agreement.

ATTEST/WITNESS:

GRAND BANKS YACHTS LTD., and all affiliates and related entities.

By: ____________________(SEAL)
Robert W. Livingston, President

31 Jan, 2003

I understand and agree to the terms stated above.

____________________(SEAL)
Edward Roberts

31 JAN, 2003