Case 1:06-cv-00174-T-LDA Document 11 Filed 09/19/2006 Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GRAND BANKS YACHTS, LTD., :
et al. :
:
v. : C.A. No. 06-174T
:
EDWARD A. ROBERTS :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1). (Document No. 7). Defendant contends that this Court lacks subject matter jurisdiction because Plaintiffs' claims do not meet the $75,000.00 jurisdictional amount. 28 U.S.C. § 1332. The Motion has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). A hearing was held on September 18, 2006. For the reasons discussed below, I recommend that Defendant's Motion to Dismiss (Document No. 7) be DENIED.

**Background**

Defendant is a former employee of Plaintiff. Defendant's employment with Plaintiffs was terminated effective January 27, 2003, and the parties entered into a Severance Agreement and Release (the "Agreement"). Under the Agreement, Defendant received severance pay in the form of salary continuation for twenty-six weeks. Defendant received a total of $48,230.00 ($1,855 x 26 weeks) in severance from Plaintiffs. In this suit, Plaintiffs contend that Defendant violated a confidentiality provision in the Agreement and are now seeking repayment of the severance, attorneys' fees, consequential damages and injunctive relief. The Agreement specifically provides

Case 1:06-cv-00174-T-LDA Document 11 Filed 09/19/2006 Page 2 of 4

that, in the event Defendant breached the confidentiality provision, "(a) all of [Plaintiffs'] obligations under th[e] Agreement will immediately cease; (b) you will be required to repay all compensation you received under...th[e] Agreement; and (c) you will be liable for all costs, including attorneys fees, incurred by [Plaintiffs] in seeking repayment." Def.'s Ex. A, ¶ 13. Finally, the Agreement provides that it shall be "construed and enforced" in accordance with Connecticut law. Id., ¶ 14.

**Discussion**

Once a defendant disputes diversity jurisdiction by challenging satisfaction of the jurisdictional amount, the burden shifts to the plaintiff to show that it is not a legal certainty that the claims do not involve at least $75,000.00. Spielman v. Genzyme Corp., 251 F.3d 1, 4-5 (1st Cir. 2001). "Provided a plaintiff's claims are 'colorable,' the court's inquiry does not focus on their probable success but rather on 'whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth' the jurisdictional minimum." Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (quoting Jimenez Puig v. Avis Rent-A-Car Sys., 574 F.2d 37, 40 (1st Cir. 1978). Finally, "where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdiction minimum is satisfied." Sarnoff v. Am. Home Prod. Corp., 798 F.2d 1075, 1078 (7th Cir. 1986); see also Gerig v. Krause Publ'ns, Inc., 58 F. Supp. 2d 1261, 1264 (D. Kan. 1999).

The parties initially dispute the availability of consequential damages as a matter of Connecticut law. Defendant contends that, pursuant to Connecticut law, Plaintiffs gave up their right to collect actual or consequential damages by agreeing to a liquidated amount of damages (i.e.,

repayment of the severance pay) in the Agreement. Plaintiffs contend that paragraph 13 of the Agreement is not a liquidated damages clause and that they are legally entitled to consequential damages flowing from Defendant's alleged breach of contract. However, as discussed below, the Court need not address that legal issue as Plaintiffs' potential recovery of repayment of the severance ($48,230.00) and attorneys' fees/costs is sufficient to meet the jurisdictional threshold.

Plaintiffs represent that they have, to date, incurred approximately $6,500.00 in attorneys' fees and costs in seeking repayment of the severance from Defendant. Thus, the issue is whether it would be "reasonable [to] estimate" that Plaintiffs could incur an additional $20,270.00 in attorneys' fees and costs in litigating this case to final determination. Sarnoff, 798 F.2d at 1078. This case is in its early stages, and discovery has not yet commenced. It also appears likely that there is a disputed legal issue regarding the scope of damages under Connecticut law which will need to be litigated prior to, or as part of, the trial of this case. Taking these pretrial expenses into consideration as well as the costs of trial, it is "reasonable [to] estimate" that Plaintiffs could incur another $20,270.00 in attorneys' fees and costs. Accordingly, Plaintiffs have met their burden of establishing a "colorable" claim for the requisite damages in dispute and shown that it is not "a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (emphasis added).

**Conclusion**

Accordingly, I recommend that Defendant's Motion to Dismiss (Document No. 7) be DENIED because it is not a legal certainty that Plaintiffs' claim for damages does not exceed $75,000.00. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv

Case 1:06-cv-00174-T-LDA Document 11 Filed 09/19/2006 Page 4 of 4

72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 19, 2006

Accepted in the absence of objection.

Ernest C. Torres
Ernest C. Torres, Chief Judge
Date: October 6, 2006