**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GRAND BANKS YACHTS LTD., GRAND BANKS YACHTS PTE LTD. and GRAND BANKS YACHTS SDN BHD, *Plaintiffs,* | CASE NO.: CA 06-174T |
| VS. | |
| EDWARD A. ROBERTS, *Defendant.* | |

**DEFENDANT'S, EDWARD A. ROBERTS, OBJECTION TO PLAINTIFFS' MOTION TO REDACT EXHIBIT TO DEFENDANT'S MOTION TO DISMISS**

**NOW COMES**, the Defendant, Edward A. Roberts, (hereinafter the "Defendant"), and hereby objects to the Plaintiff's motion pursuant to Local Rule 7(b)(1). The Defendant objects on the grounds that the document filed as Exhibit A to the Defendant's Motion to Dismiss does not contain confidential business information. As additional grounds for his objection, the Defendant files an accompanying memorandum of law.

Respectfully submitted,

**EDWARD A. ROBERTS**

By and through his attorneys,

/s/ Keith E. Fayan
Michael A. Kelly, Esquire (#2116)
Keith E. Fayan, Esquire (#7065)
Law Offices of Michael A. Kelly
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

Dated: October 13, 2006

**CERTIFICATION**

I hereby certify that I electronically filed this motion on October 13, 2006. The motion is available for viewing from the Court's Electronic Case Filing system ("ECF"). Plaintiffs' attorneys are identified below and are registered with the ECF system. Accordingly, they shall receive notice by electronic means.

Brooks R. Magratten, Esquire
Timothy M. Bliss, Esquire
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Keith E. Fayan

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

GRAND BANKS YACHTS LTD., GRAND BANKS YACHTS PTE LTD. and GRAND BANKS YACHTS SDN BHD,
*Plaintiffs,*

VS.

EDWARD A. ROBERTS,
*Defendant.*

CASE NO.: CA 06-174T

**DEFENDANT'S, EDWARD A. ROBERTS, MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO PLAINTIFFS' MOTION TO REDACT EXHIBIT TO DEFENDANT'S MOTION TO DISMISS**

## I. Introduction:

Defendant Edward A. Roberts objects to the Plaintiffs' motion to redact portions of the severance agreement (the "Agreement"). The Plaintiff filed the instant action alleging the Defendant breached the Agreement yet failed to append the Agreement to its complaint. The Defendant filed a Motion to Dismiss and attached the Agreement as an exhibit to the motion. The Plaintiff subsequently contacted the Defendant stating that the Plaintiffs regard the defendant's public filing of the severance agreement to be yet another violation of the agreement. Accordingly, the Defendant withdrew the Agreement and filed the Motion to Dismiss contemporaneously with a Motion to Seal, which this Court denied after a hearing thereon.

## II. Argument:

The Plaintiffs filed the complaint alleging breach of contract thereby waiving any confidentiality provision regarding the existence of the Agreement. The Plaintiffs

themselves – and not the Defendant - have placed the Agreement squarely in the public realm. Notwithstanding the Plaintiffs' allegations that the Defendant's filing of the Agreement was in violation of Section 11A of the Agreement, the Agreement specifically carves out an exception regarding disclosure of the Agreement "in connection with judicial proceedings." *See* Section 11B of the Agreement, attached as Exhibit 1 to Plaintiffs' Motion to Redact.

The Plaintiffs' Memorandum cites two Federal District Court cases which deal with redacting confidential financial, technical and proprietary business information from documents requested pursuant to discovery. In *Minebea Co. Ltd. v. Papst*, 221 F.R.D. 11 (D.D.C. 2004), the plaintiff filed a motion for completion of discovery prior to the court's ruling on the defendant's motion for partial summary judgment. *Id.* The court noted its frustration with the "unnecessary volume of paper" counsel had presented to the court and noted that such practice was a waste of the court's time and the client's money. *Id.* at 12. Ultimately, the court denied the plaintiff's motion to compel and, among other things, ordered that two versions of motions, briefs, and deposition excerpts be filed. *Id.* Specifically, the court ordered that one version be filed unredacted along with a motion to seal, and that the second shall redact "*only* confidential financial, technical and/or proprietary business information." *Id.* In the second case cited in Plaintiffs' Memorandum, *Seltel, Inc. v. KMTR, Inc.*, 1993 WL 498066 (S.D.N.Y. 1993), the plaintiff sought, among other things, to compel the production of documents from a third party. The court granted the plaintiff's motion and, at the end of its decision, merely permitted the third party "to redact all business terms and proprietary information… ." *Id.* at *3.

However, in *Beasley v. First American Real Estate Information Services, Inc.*, 2005 WL 1017818 *2 (N.D.Tex. 2005), the court permitted the defendant to redact social security numbers of employees but refused to permit the redaction of prior employee performance history and salary information. The court in *Master Palletizer Systems, Inc. v. T.S. Ragsdale Company Incorporated* considered the issue of redacting trade secrets concerning internal audit procedures. 123 F.R.D. 351 (D. Colorado 1988). The court observed that a party resisting discovery must (i) establish that the information sought is a trade secret and (ii) then demonstrate that its disclosure might be harmful. *Id.* at 352. In this case, the party resisting discovery made a showing that the redacted material constituted a trade secret, but failed to demonstrate that it could not "devise effective strategies and approaches" for future audits. *Id.* at 353.

In the case at bar, the Plaintiffs have sued the Defendant for breach of the Agreement, and have thereby placed the document squarely in the public realm. The information the Plaintiffs seek to redact is simply not "confidential business information" or "proprietary information". Section 3 of the Agreement sets forth the salary of the Defendant at the time of his termination in January, 2003. Section 8 of the Agreement merely sets forth, as the Plaintiff characterizes it, "specific benefits paid to defendant at the time of his termination."

Neither the Agreement itself nor those portions identified by the Plaintiffs merit the degree of secrecy the Plaintiff is requesting this Court to impose. The Defendant cannot defend himself under a shroud of darkness. The Agreement contains no trade secrets, no customer lists, no customer data, no pricing information, and no product information. Importantly, the Agreement is a *severance agreement* and not an

employment contract. The Plaintiffs are sophisticated multinational corporations who are well aware that each severance agreement must be negotiated based upon the specific employee's circumstances. Accordingly, the Plaintiffs have failed to show that the portions of the Agreement that they have identified constitute confidential business information, trade secrets or proprietary information. Moreover, the Plaintiffs have also failed to demonstrate that they cannot devise effective strategies and approaches to negotiating any severance agreements in the future.

**III. Conclusion:**

In summary, Plaintiffs' motion should be denied by this Honorable Court as it does not adequately establish that the language identified constitutes confidential business information, trade secrets or proprietary information.

Respectfully submitted,

**EDWARD A. ROBERTS**

By and through his attorneys,

/s/ Keith E. Fayan
Michael A. Kelly, Esquire (#2116)
Keith E. Fayan, Esquire (#7065)
Law Offices of Michael A. Kelly
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

Dated: October 13, 2006

**CERTIFICATION**

I hereby certify that I electronically filed this motion on October 13, 2006. The motion is available for viewing from the Court's Electronic Case Filing system. Plaintiffs attorneys are identified below and are registered. Accordingly, they shall receive notice by electronic means.

Brooks R. Magratten, Esquire
Timothy M. Bliss, Esquire
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Keith E. Fayan______________