UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GRAND BANKS YACHTS LTD, GRAND BANKS YACHTS PTE LTD and GRAND BANKS YACHTS SDN BHD, Plaintiffs | ) | C.A. No. 06-174T |
| v. | ) | |
| EDWARD A. ROBERTS, Defendant | ) | |

**REPLY MEMORANDUM OF PLAINTIFFS IN RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO REDACT EXHIBIT TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiffs Grand Banks Yachts Ltd., Grand Banks Yachts Pte Ltd and Grand Banks Yachts Sdn Bhd (collectively, "Grand Banks") reply to defendant's objection to their motion to redact exhibit to defendant's motion to dismiss.

## II. ARGUMENT

### A. The Agreement Does Not Permit Defendant to File It In Connection With Judicial Proceedings.

Defendant argues that simply by filing this case, Grand Banks "placed the Agreement squarely in the public realm" and waived the right to maintain the confidentiality of anything contained in the Agreement. Roberts Memo at 1-2. Defendant claims that Section 11B of the Agreement creates an exception to its confidentiality provision where his disclosure of the Agreement occurs "in connection with judicial proceedings." Id. at 2.

Defendant is incorrect. Section 11B of the Agreement applies ***only*** to Grand Banks. Conversely, Section 11A, which is the confidentiality provision that defendant violated

by filing the Agreement, applies *only* to defendant.[1] Therefore, the plain language of the Agreement requires defendant to maintain its confidentiality.

**B. Grand Banks Did Not Waive Its Right to Maintain, and to Require Defendant to Maintain, the Confidentiality of the Agreement.**

Defendant appears to suggest that the Agreement as a whole became a matter of public record upon Grand Banks' filing of the complaint. This is not the case. Grand Banks purposefully did not append the Agreement to its complaint. Courts have held that a party alleging a breach of a written contract is *not* required to submit a copy of the contract itself into evidence. See Campbell Constr. Eng'rs, Inc. v. Water Works and Sewer Bd. of City of Prichard, AL, Inc., 290 So.2d 194, 198 (Ala. Civ. App. 1974) (overruling party's demurrer in breach of contract case based on plaintiff's failure to submit copy of contract because "[a]ll that is required . . . [to] withstand a demurrer, is that the complaint set forth the essential terms of the contract with reasonable precision and with such certainty and particularity as to acquaint and apprise

---

[1] Section 11 of the Agreement provides, in its entirety:

11. Confidentiality.

A. Except as required by law, you agree not to disclose the existence or content of this Agreement to any person, firm or entity, except to your accountant(s), financial planner(s), attorney(s) and members of your immediate family, and to them only if they agree to keep this Agreement confidential.

B. Grand Banks agrees not to disclose the existence of this Agreement to third persons (except in connection with judicial proceedings) or employees of Grand Banks without a need to know, and agrees to request that any employee to whom the existence of this Agreement is disclosed shall not disclose the existence of this Agreement to any other person; provided, however, that Grand Banks shall not be responsible for disclosure by employees.

C. At all times following your termination, you agree to protect Grand Banks' Confidential Information (as hereafter defined) by not disclosing such information to any third party and by not using such information for the benefit of yourself or any third party. Confidential Information includes information concerning Grand Banks' products, services, customers, prospective customers, dealers, prospective dealers, inventions, manufacturing processes and techniques, pricing, distribution, customer and prospect lists, product development and enhancements, Grand Banks' benefits and policies, and information regarding the administrative, marketing and financial activities of Grand Banks. Confidential information does not include information in the public knowledge, or known to a disclosee, through no fault of you.

D. Other than pursuant to judicial proceedings, Grand Banks shall release information ~~concerning your employment~~ only as it relates to title or position and dates of employment; provided, however, that this shall in no way prevent reporting of information to taxing or other governmental authorities, as necessary.

defendant in what particular he has failed to perform"); Stewart v. Arrington Constr. Co., 446 P.2d 895, 899 (Idaho 1968) (vacating district court's dismissal of breach of contract count and explaining that it is not mandatory that plaintiff attach a copy of the contract at issue to his complaint). See also Fed. Form 3 ¶ 2, n.1 (plaintiff may choose to plead terms of document at issue by exhibit or by reference.

Section 11A of the Agreement requires defendant to maintain the confidentiality of, among other things, the provisions of the Agreement. Neither Section 11 nor any other provision of the Agreement contains an exception to defendant's obligation. Grand Banks has maintained the confidentiality of the Agreement and has not waived its right to require defendant to uphold his corresponding obligation. Defendant, however, breached his confidentiality obligation when he publicly filed the entire Agreement. Grand Banks now seeks to limit the effect of defendant's breach by redacting its confidential business information from the Agreement that defendant has improperly placed on the public record.

**III. CONCLUSION**

For the reasons cited in its memorandum of law filed in support of its motion to redact, as well as the reasons cited herein, Grand Banks respectfully requests that the Court grant its motion to redact its confidential business information from the copy of the Agreement filed by defendant.

/s/ Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: October 24, 2006

**CERTIFICATE OF SERVICE**

To:

Michael A. Kelly, Esq.
Keith E. Fayan, Esq.
Law Offices of Michael A. Kelly
55 Pine Street - Suite 5000
Providence RI 02903

I hereby certify that I electronically filed this memorandum on October 24, 2006. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

/s/ Timothy M. Bliss